# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WILLIAM GUY AND NATALIE GUY**                    **CIVIL ACTION:**

      **Plaintiffs,**

                                            **DISTRICT JUDGE:**

**VERSUS**

**NATIONSTAR MORTGAGE LLC,**                    **MAGISTRATE JUDGE:**
**ERIC SPENCER AGENCY, LLC,**
**ALLSTATE INSURANCE SERVICES,**
**INC., AND GEOVERA SPECIALTY**
**INSURANCE COMPANY**

      **Defendants**

## NOTICE OF REMOVAL

TO:    The Honorable Judges and The Honorable Clerk of this Court
        United States District Court
        Eastern District of Louisiana

      **NOW INTO COURT**, through undersigned counsel, comes Defendant, Nationstar

Mortgage LLC ("Nationstar"), sought to be made defendant in this matter, who, on reserving all

rights and defenses including, but not limited to, all defenses contained in Rule 11 and Rule 12 of

the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully

represents that it desires to remove this action from the 22nd Judicial District Court for the Parish

of St. Tammany, State of Louisiana, bearing the caption, *William Guy and Natalie Guy v.*

*Nationstar Mortgage LLC, Eric Spencer Agency, LLC, Allstate Insurance Services, Inc., and*

*Geovera Specialty Insurance Company*, No. 2022-11928, Division "B," to the United States

District Court for the Eastern District of Louisiana, and that removal based on federal-question

jurisdiction is proper for the reasons stated below:

1.

On or about May 2, 2022, William Guy and Natalie Guy (collectively "Plaintiffs"), filed their Petition for Damages ("Petition") with the Clerk of Court for the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, bearing the caption, *William Guy and Natalie Guy v. Nationstar Mortgage LLC, Eric Spencer Agency, LLC, Allstate Insurance Services, Inc., and Geovera Specialty Insurance Company*, No. 2022-11928, Division "B," (the "State Court Action") on the docket of said Court, which is within the district and division embraced by the United States District Court for the Eastern District of Louisiana.[1]

2.

Pursuant to 28 U.S.C. § 1441(a), Nationstar removes this matter based on the Court's removal jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs' claims arise under the laws of the United States. This Court maintains supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367.

### The Removal is Timely

3.

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days after the service of summons upon Nationstar. Nationstar was served with the Petition and Citation on June 30, 2022 through its registered agent for service of process.[2]

### Venue

4.

Under 28 U.S.C. § 1441(a), this action may be removed to the United States District Court for the district and division embracing the place where the state court action is pending. Venue is

---

[1] *See* Exhibit A.
[2] *See* Exhibit B.

proper in the United States District Court for the Eastern District of Louisiana because that is the district and division embracing St. Tammany Parish, Louisiana—the location of the pending State Court Action.

### Plaintiffs' Factual Allegations

4.

In the Petition, the Plaintiffs allege that they are the owners of the residence bearing the municipal address of 29 Rivage Court, Mandeville, LA 70471-6405 (the "Property").[3]

5.

In the Petition, the Plaintiffs allege that the Property is subject to a mortgage and that mortgage is serviced by Nationstar under the tradename "Mr. Cooper" as  of April 1, 2021.[4] Plaintiffs allege that they maintained timely monthly payments to Nationstar.[5]

6.

In the Petition, the Plaintiffs allege that the Property and the Plaintiffs' personal property located therein was damaged by Hurricane Ida on August 29, 2021.[6]

7.

In the Petition, the Plaintiffs allege that they filed a claim with their homeowner's wind insurer, GeoVera Specialty Insurance Company ("GeoVera"), in connection with the damage to the Property caused by Hurricane Ida.[7]

---

[3] *See* Petition at ¶ 6.
[4] *See* Petition at ¶ 8-10.
[5] *See* Petition at ¶ 11.
[6] *See* Petition at ¶ 12-13.
[7] *See* Petition at ¶ 14.

8.

In the Petition, the Plaintiffs allege that, in July 2021, Nationstar did not make a payment to GeoVera with the funds that were allegedly available in the Plaintiffs' escrow account, and GeoVera denied the Plaintiffs' claim as a result of non-payment.[8] In the Petition, the Plaintiffs allege that Nationstar claimed that the premium notice was never received from the Plaintiffs' hazard insurance policy carrier, Eric Spencer Agency, LLC ("Eric Spencer Agency").[9]

9.

In the Petition, the Plaintiffs allege that Nationstar, GeoVera, and Eric Spencer Agency (collectively "Defendants") are individually or collectively at fault for financial, mental, and emotional damages.[10] Plaintiff's alleged six counts of violations collectively against the Defendants, including Damages to their residence and personal property, including the family vehicle, damages for all mental and emotional stress, "statutory penalties available under federal or state law," attorneys' fees, and expert fees.[11]

**Basis for Removal – Federal-Question Jurisdiction**

10.

Nationstar removes this matter pursuant to 28 U.S.C. § 1441(a) based on the Court's removal jurisdiction under 28 U.S.C. § 1331, federal-question jurisdiction. The Court maintains supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367.

11.

"[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Federal-

---

[8] *See* Petition at ¶ 15-16.
[9] *See* Petition at ¶ 17.
[10] *See* Petition at ¶ 18-19.
[11] *See* Petition at ¶ 39.

question jurisdiction exists under 28 U.S.C. § 1331 when the state court petition shows either (1) "federal law creates the cause of action" alleged by Plaintiffs; or (2) the Plaintiffs' "right to relief [under one or more causes of action] necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris, LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (stating removal is proper where a plaintiff pleads "cause of action created by federal law"). "A single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Bd. of Comm'rs of Se. Louisiana Flood Protection Auth.-E. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808, 849 (E.D. La. 2014) (*citing Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005)).

12.

Federal-question jurisdiction is present in Plaintiffs' Petition, specifically in Count 6 wherein Plaintiffs allege a violation of the Real Estate Settlement Procedure Act ("RESPA") codified under 12 U.S.C. § 2601, *et seq.* against Nationstar, which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.[12] [13]

13.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state-law claims because those claims are so related to the RESPA claim that they form a part of the same case or controversy or are based on a "common nucleus of operative fact." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

---

[12] *See* Petition at ¶ 37-38.
[13] Nationstar does not concede, but rather expressly denies, that Plaintiffs have sufficiently plead any cause of action at all; however, it is apparent from the face of the Petition that Plaintiffs are seeking relief of some kind under RESPA.

14.

Pursuant to 28 U.S.C. §1446(b)(2)(A), counsel of record for GeoVera Specialty Insurance Company has consented to this removal.[14]

15.

Pursuant to 28 U.S.C. §1446(b)(2)(A), counsel of record for Allstate Insurance Services, Inc. has consented to this removal.[15]

16.

Pursuant to 28 U.S.C. §1446(b)(2)(A), counsel of record for Eric Spencer Agency, LLC has consented to this removal.[16]

17.

Nationstar files this Notice of Removal without waiving any defenses available to it including, but not limited to, defenses available to it under Rule 11 and Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

18.

Promptly upon filing this notice of removal, written notice thereof will be given to all adverse parties and a copy of this notice of removal will be filed with the Clerk of Court of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

**WHEREFORE**, Defendant, Nationstar Mortgage LLC, respectfully prays that this Notice of Removal be accepted as good and sufficient, and that the State Court Action be removed from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, bearing the

---

[14] *See* Exhibit C.
[15] *See* Exhibit D.
[16] *See* Exhibit E.

caption, *William Guy and Natalie Guy v. Nationstar Mortgage LLC, Eric Spencer Agency, LLC,*

*Allstate Insurance Services, Inc., and Geovera Specialty Insurance Company,* No. 2022-11928,

Division "B," to this Honorable Court for trial and determination as provided by law, and that this

Court enter such orders and issue such process as may be proper to bring before it copies of all

records and proceedings in said civil action from said state court, and thereupon proceed with this

civil action as if it had originally been commenced in this Court.

    Respectfully submitted, this 1st day of August, 2022.

                              **McGLINCHEY STAFFORD, PLLC**

                              /s/ Jonathan G. Wilbourn
                              Jonathan G. Wilbourn, T.A. (Bar Roll No. 27683)
                              Remington M. Angelle (Bar Roll No. 38126)
                              301 Main Street, 14th Floor
                              Baton Rouge, LA 70801-1916
                              Telephone: (225) 383-9000
                              Facsimile: (225) 343-3076
                              Email: jwilbourn@mcglinchey.com
                              Email: rangelle@mcglinchey.com

                              **Attorneys For Nationstar Mortgage LLC**

                          **<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that on August 1, 2022, I served the foregoing on all counsel of record

via U.S. Mail properly addressed and postage pre-paid.

                              /s/ Jonathan G. Wilbourn